# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DANIEL L. HANSON,**
        Petitioner,

    v.                                     Case No. 13-CV-00896

**MARC CLEMENTS, Warden,**
**Fox Lake Correctional Institution,**
        Respondent.

---

## DECISION AND ORDER

Daniel Hanson, proceeding pro se, filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. On May 6, 2009, petitioner was convicted in Marinette County Circuit Court of operating while under the influence under Wis. Stat. § 346.63(1)(a), battery to an emergency rescue worker under Wis. Stat. § 940.20(7)(b), and disorderly conduct under Wis. Stat. § 947.01. He was sentenced to eight years initial confinement followed by eight years supervised release and is currently incarcerated at Fox Lake Correctional Institution. I screened the petition under Rule 4 of the Rules Governing § 2254 Cases and ordered respondent to answer the petition. Before me are several motions from petitioner.

First, petitioner moves to proceed *in forma pauperis*. I will deny this motion as moot because petitioner has already paid the $5.00 filing fee. Second, petitioner moves for entry of default against respondent because respondent did not file his answer by the November 13, 2013 deadline set by the court. I will deny this motion because respondent filed a timely

motion to dismiss and motion to stay the time for filing his answer. Thus, he has not defaulted.

Third, petitioner moves to consolidate this case with *Hanson v. Clements*, Case No. 13-CV-01145 (E.D. Wis.). In that case, petitioner also seeks a writ of habeas corpus, but he is challenging a different conviction for operating while under the influence from 2006. Federal Rule of Civil Procedure 42(a) gives me the discretion to consolidate cases that "involve a common question of law or fact." There are no such questions in the cases petitioner seeks to consolidate. Petitioner's habeas petitioners challenge two different convictions that are based on two different crimes that occurred on two different dates. Thus, they do not raise common questions of law or fact.

Fourth, petitioner asks the court to appoint counsel to represent him. Appointment of counsel for habeas petitioners is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding in forma pauperis. *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983). When confronted with a request for counsel in a civil case, the district court must make the following inquiries: (1) has the indigent party made a reasonable attempt to obtain counsel or been effectively precluded from doing so; if so, (2) given the difficulty of the case, does the indigent party appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). With regard to the second inquiry, the court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 655). This inquiry focuses not only on the plaintiff's ability to try his case, but

also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." *Id.*

Here, petitioner's efforts to obtain legal counsel on his own have been unsuccessful. Nonetheless, the issues in this case appear at this stage to be straightforward. Respondent has filed a motion to dismiss on the ground that petitioner failed to timely file his petition and that he failed to exhaust his remedies in state court. Petitioner's filings indicate that he is capable of litigating these issues on his own. His briefs so far have been clearly written and he indicated to the court that he was aware there might be a timeliness problem with his petition even before respondent filed the motion to dismiss. Accordingly, I will deny the request for appointment of counsel without prejudice.

Finally, petitioner has filed a motion to amend or correct his filings. I will deny this motion because it is not clear what filing he wishes to amend or correct.

**THEREFORE, IT IS ORDERED** that petitioner's motion to consolidate (Docket #9) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion to appoint counsel (Docket #13) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that petitioner's motion to amend/correct (Docket #19) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to proceed *in forma pauperis* (Docket #21) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for default judgment (Docket #26) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 25th day of November, 2013.

                                          s/ Lynn Adelman
                                          _____
                                          LYNN ADELMAN
                                          District Judge

4

Case 2:13-cv-00896-LA   Filed 11/26/13   Page 4 of 4   Document 27