# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

**DANIEL L. HANSON,**
              Petitioner,

v.                                                                                                   Case No. 13-CV-0896

**TIM HAINES, Warden,**
**Prairie du Chien Correctional Institution,**
              Respondent.
_____

## DECISION AND ORDER

Daniel Hanson, proceeding pro se, filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. On May 6, 2009, petitioner was convicted in Marinette County Circuit Court of operating while under the influence under Wis. Stat. § 346.63(1)(a), battery to an emergency rescue worker under Wis. Stat. § 940.20(7)(b), and disorderly conduct under Wis. Stat. § 947.01. He was sentenced to eight years initial confinement followed by eight years supervised release and is currently incarcerated at Prairie du Chien Correctional Institution. Before me is a motion to dismiss from respondent as well as several motions from petitioner.

Respondent asks me to dismiss the petition because it was filed outside of the one-year limitation period under 28 U.S.C. § 2244(d). First, I must determine when petitioner filed his § 2254 petition. On May 8, 2013, petitioner filed a "Motion to Extend Time to File Petition" in the Eastern District of Wisconsin well within his one-year period.[1] The Green

---

[1] Petitioner was aware of the one-year limitation period but incorrectly thought it expired May 8, 2013.

Bay division file-stamped the motion on May 8, 2013, but never ruled on it. In *Socha v. Pollard*, the Seventh Circuit suggested that the filing of such a motion may be enough to constitute the filing of a § 2254 petition. 621 F.3d 667, 672 (7th Cir. 2010) ("[I]t is possible to view a motion [for extension of time] as the actual petition for writ of habeas corpus, filed in an incomplete form but with a promise to furnish supporting documentation later."). However, Rule 2(c) of the Rules Governing § 2254 Cases in the United States District Court sets forth requirements for a petition, and petitioner's motion to extend time did not meet these requirements. Specifically, it did not "specify all the grounds for relief available to the petitioner" or "state the facts supporting each ground." Rule 2(c)(1)–(2). The Seventh Circuit recently recognized that a bare motion to extend time that does not meet the requirements of Rule 2(c) "cannot be accepted as a petition itself." *Socha v. Boughton*, No. 12-1598, 2014 WL 3953932, at *6 (7th Cir. Apr. 7, 2014). Thus, petitioner's May 8, 2013 motion to extend time does not constitute a petition filed within his one-year limitation period. Under the mailbox rule, *see Jones v. Bertrand*, 171 F.3d 499, 500–02 (7th Cir. 1999) (applying the "mailbox rule" to prisoners filing pro se habeas petitions), petitioner filed his completed § 2254 petition on August 1, 2013. Thus, this is the controlling date.

Second, I must determine when petitioner's § 2254 petition was due. Section 2244(d)(1) imposes a one-year limitation on filing a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. This one-year limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Petitioner pursued direct review. His conviction was upheld by the Wisconsin Court of

Appeals, and he petitioned the Wisconsin Supreme Court for discretionary review. It denied his petition for review on April 23, 2012. Petitioner then filed what he called a "request for reconsideration of the petition for review" with the Wisconsin Supreme Court, which it dismissed on May 8, 2012. Petitioner had 90 days to file a certiorari petition with the United States Supreme Court, Sup. Ct. R. 13, which petitioner failed to do. Thus, under § 2244(d)(1)(A), the one-year period for filing § 2254 petition began to run once this 90-day period expired.

The key question is whether the Wisconsin Supreme Court's April 23, 2012 denial of review or its May 8, 2012 dismissal of petitioner's "request for reconsideration" triggered the 90-day period for filing a certiorari petition with the United States Supreme Court. If the May 8, 2012 dismissal is the final entry of judgment, then the one-year period for filing a § 2254 petition ended on August 8, 2013 (90 days plus one year from May 8, 2012), and the August 1, 2013 petition was within the one-year period. However, if the April 23, 2012 denial of review triggered the 90-day period, then petitioner filed his petition eight days late.

Supreme Court Rule 13 requires a petition for a writ of certiorari to be filed within 90 days "after entry of the judgment" or "after entry of the order denying discretionary review." However, "if a petition for rehearing is timely filed in the lower court by any party, . . . the time to file the petition for writ of certiorari . . . runs from the date of the denial of rehearing." Sup. Ct. R. 13. Not all reconsideration motions delay the 90-day period for filing a certiorari petition. When a motion does not seek to modify or alter the judgment, "the finality of the court's first order was never suspended," and the motion does not delay the 90-day period. *Dep't of Banking of Neb. v. Pink*, 317 U.S. 264, 266, 266–67 (1942). Similarly, a motion for reconsideration that does not require disposition by the court does not delay the 90-day

3

period. *Missouri v. Jenkins*, 495 U.S. 33, 46 n.14 (1990) (noting that a petition for a rehearing en banc does not delay the 90-day period because it is a "discretionary procedure" that "requires no disposition"). Petitioner's "request for reconsideration" did not seek to modify or alter the final judgment because the April 23, 2012 denial of review was not a judgment. *Archdiocese of Milwaukee v. City of Milwaukee*, 91 Wis. 2d 625, 626–27 (1979) (holding that a denial of review is not a judgment because it does not "determine the action," it "simply [leaves] the lower court's [judgment] stand"). Additionally, the Wisconsin Supreme Court was not required to dispose of petitioner's request for reconsideration—in fact the court could not even consider it—because Wisconsin law does not authorize a request for reconsideration of a denial of review. *Id.* Thus, I find that petitioner's reconsideration request did not delay his 90-day period for filing a certiorari petition.

The next question is whether petitioner's request for reconsideration constituted a properly filed post-conviction motion. If petitioner's request was a "properly filed" post-conviction motion, then under § 2244(d)(2) his one-year period for filing a § 2254 petition was tolled while his reconsideration request was pending. *See also Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005)*; Simms v. Acevedo*, 595 F.3d 774, 777 (7th Cir. 2010). A motion is improperly filed if it does not comply with the applicable state laws and rules governing filings. *Simms*, 595 F.3d at 777. Under Wisconsin law, a party may seek reconsideration of a supreme court judgment or opinion, Wis. Stat. § 809.64, but this rule does not authorize a party to seek reconsideration of an order that simply denies a petition for review. *Archdiocese of Milwaukee*, 91 Wis. 2d at 626–27. The Wisconsin Supreme Court

reiterated this in its May 8, 2012 dismissal, stating "there is no statutory authority permitting a motion for reconsideration of an order denying a petition for review." First Mot. to Dismiss, Exh. H (ECF No. 28-8). Therefore, petitioner's request for reconsideration can not be said to toll the one-year limitation as an application for post-conviction or collateral review because it was not "properly filed" under § 2244(d)(2).

I conclude that the 90-day period for seeking United States Supreme Court review began with the April 23, 2012 denial, expiring July 23, 2012. Petitioner then had one year, until July 23, 2013, to file his § 2254 petition in federal court. This is consistent with the Fifth Circuit's opinion in *Wilson v. Cain*, the only case I have found addressing this issue. 564 F.3d 702, 705–06 (5th Cir. 2009) (finding that a reconsideration request of a denial of discretionary review does not delay the point of finality of a judgment when state procedural rules bar such reconsideration requests unless the state supreme court has "entertained [such] motions . . . notwithstanding the [rule's] language"). Thus, Petitioner's August 1, 2013 petition was untimely. The opposite conclusion would allow prisoners to effectively extend the time they have to file a § 2254 petition in federal court by filing improper motions in state court.

This leaves me with the question of whether equitable tolling allows me to consider this petition despite petitioner's failure to adhere to the one-year limitation for filing. I may toll the statute of limitations only if petitioner shows (1) that an extraordinary circumstance prevented him from timely filing and (2) that he has been pursuing his rights diligently. *Holland v. Florida*, 560 U.S. 631, 649 (2010). As an extraordinary circumstance, petitioner argues that several medical problems, including "back surgery, feet, and carpal tunnel syndrome, and nerve issues in spineal calum [sic]," prevented him from timely filing his

5

petition. Mot. to Extend Time to File Pet. (ECF No. 3). Medical problems alone are not enough to justify equitable tolling. See Johnson v. Chandler, 224 Fed. Appx 515, 519 (7th Cir. 2007); see also Garza v. Kansas, 449 Fed. Appx. 734, 736 (10th Cir. 2011) (finding that a petitioner's "passing reference to his medical history" is not enough to justify tolling time limits); Rouse v. Lee, 339 F.3d 238, 248–50 (4th Cir. 2003) (denying equitable tolling "because [petitioner] simply provides no reason why his medical condition barred him from filing his habeas petition at least one day earlier"). Aside from summarily identifying various medical issues, petitioner fails to explain how any of the listed medical conditions prevented him from timely filing.

Even if petitioner's medical conditions were significant enough to meet the high threshold of an extraordinary circumstance, he also fails to show that he diligently pursued his rights. Between the May 8, 2012 Wisconsin Supreme Court dismissal and the May 8, 2013 motion to extend time, petitioner does not appear to have made any effort to pursue post-conviction relief in any forum. He failed to petition the United States Supreme Court for certiorari, and in his May 8, 2013 motion to extend time, petitioner requested "the proper forms to use in this petition and notice," indicating that he had not yet begun to work on a § 2254 petition despite his belief that his one-year period was expiring that month. Mot. to Extend Time to File Pet. (ECF No. 3).

Respondent has also asked me to dismiss this petition because petitioner has failed to exhaust his state court remedies. Because I am dismissing the petition based on timeliness, I refrain from considering this issue. Petitioner has filed numerous motions in this case. Because I am dismissing the petition as time-barred, these motions are now inconsequential, and I will deny them as moot.

**THEREFORE, IT IS ORDERED** that Respondent's Motion to Dismiss (ECF No. 23) is **GRANTED**. The Clerk of Court shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that the petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

**IT IS FURTHER ORDERED** that petitioner's motions at ECF Nos. 16, 29, 30, 31, 34, 36, 39, 41, 43, 44, 45, 46, 52, 54, 61, and 62 are **DENIED**.

Dated at Milwaukee, Wisconsin, this 25th day of September, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge